# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs September 14, 2010

## TOMMY F. POE v. TONY PARKER, WARDEN

**Appeal from the Circuit Court for Lake County**
**No. 10-CR-9403      R. Lee Moore, Jr., Judge**

**No. W2010-00679-CCA-R3-HC  - Filed October 22, 2010**

The *pro se* petitioner, Tommy F. Poe, appeals the Lake County Circuit Court's summary dismissal of his petition for writ of habeas corpus, arguing that the sentences he negotiated in exchange for his guilty pleas to aggravated kidnapping are illegal because they were ordered to be served at 35% release eligibility instead of the 100% required by law. Following our review, we affirm the habeas court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which J.C. MCLIN and D. KELLY THOMAS, JR., JJ., joined.

Tommy F. Poe, Tiptonville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Rachel E. Willis, Senior Counsel, for the appellee, State of Tennessee.

## OPINION

### FACTS

We have gleaned the following summary of the facts from the petition for writ of habeas corpus, the judgment forms attached to the petition, and the parties' briefs.[1] On February 20, 2003, the petitioner pled guilty to felony escape, two counts of aggravated kidnapping, and two counts of theft over $1000 in exchange for concurrent sentences of twelve years at 35% for the kidnapping convictions and twelve years at 45% for the theft

---

[1] The kidnapping and theft judgments forms are included in the record, but the felony escape judgment form is not.

convictions, with the kidnapping and theft sentences to be served consecutively to the petitioner's six-year sentence for felony escape.

On January 11, 2010, the petitioner filed a petition for writ of habeas corpus in the Lake County Circuit Court in which he alleged that his aggravated kidnapping sentences were illegal because they were imposed in direct contravention of Tennessee Code Annotated section 40-35-501(i), which mandates 100% release eligibility for the offense of aggravated kidnapping. The State responded with a motion to dismiss on the basis that the 2009 amendment to the habeas corpus statute, which restricts the grounds available for habeas corpus relief, bars the petitioner's claim. On February 16, 2010, the habeas court entered an order denying the petition on two grounds: first, that the petitioner had failed to attach the necessary documents because he had not included the judgment form for his escape conviction; and second, that the petitioner's claim was specifically barred by the amendment to the habeas corpus statute. The petitioner then filed a timely notice of appeal to this court.

## ANALYSIS

Whether the petitioner is entitled to habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007); Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions. Id.

The grounds upon which habeas corpus relief may be granted are narrow. Davis v. State, 313 S.W.3d 751, 758-59 (Tenn. 2010) (citations omitted). It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers, 212 S.W.3d at 256 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when "a habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)).

The amendment to the habeas corpus statute, which applies to all habeas corpus petitions filed on or after June 11, 2009, further restricts the grounds for habeas corpus relief as follows:

(b) Persons restrained of their liberty pursuant to a guilty plea and negotiated sentence are not entitled to the benefits of this writ on any claim that:

(1) The petitioner received concurrent sentencing where there was a statutory requirement for consecutive sentencing;

(2) The petitioner's sentence included a release eligibility percentage where the petitioner was not entitled to any early release; or

(3) The petitioner's sentence included a lower release eligibility percentage than the petitioner was entitled to under statutory requirements.

Tenn. Code Ann. § 29-21-101(b) (Supp. 2009).

The petitioner first cites Burford v. State, 845 S.W.2d 204 (Tenn. 1992), to argue that due process considerations should operate to prevent the above amendment from barring his claim because he did not have "access to any updated law or material that [would have] put [him] on notice" of the changes to the law. We respectfully disagree.

In Burford, our supreme court concluded that "before a state may terminate a claim for failure to comply with procedural requirements such as statutes of limitations, due process requires that potential litigants be provided an opportunity for the presentation of claims at a meaningful time and in a meaningful manner" and that "under the circumstances of a particular case, application of the statute may not afford a reasonable opportunity to have the claimed issue heard and decided." Id. at 208. The petitioner's claim that his prison law library failed to keep its copies of the Tennessee Code current is not the type of circumstance that implicates due process concerns. See Sample v. State, 82 S.W.3d 267, 273 (Tenn. 2002) (concluding that statute of limitations should be tolled due to a late arising suppression of exculpatory evidence claim); Williams v. State, 44 S.W.3d 464, 477 (Tenn. 2001) (misrepresentation by attorney as to continuing representation, rather than mere attorney negligence, possibly tolled the statute of limitations); Seals v. State, 23 S.W.3d 272, 278-79 (Tenn. 2000) (concluding that statute of limitations should be tolled during period of mental incompetence of petitioner); Sands v. State, 903 S.W.2d 297, 301 (Tenn. 1995) (concluding that due process required tolling because grounds for relief arose after the statute of limitations normally would have run). We, conclude, therefore, that due process considerations do not prevent the 2009 amendment to the habeas corpus statute from barring the petitioner's claim.

In a related vein, the petitioner argues that the amendment is unconstitutional as applied to his case because he filed an original petition for writ of habeas corpus in the McNairy County Circuit Court before the effective date of the amendment. The petitioner alleges that although he sent the petition by certified mail, he was "never . . . able to get the McNairy County Circuit Court Clerk's Office to respond" and, therefore, was forced to re-file the petition in the Lake County Circuit Court after the effective date of the amendment. There is nothing in the record, however, to support the petitioner's allegations. Accordingly, we affirm the summary dismissal of the petition for writ of habeas corpus.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we affirm the habeas corpus court's dismissal of the petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE